LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────

RAMON HERNANDEZ,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,

          v.

BETWEEN THE BREAD 55TH INC.,
BETWEEN THE BREAD 40TH INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
    d/b/a BETWEEN THE BREAD,
RICKY EISEN, LEONARD EISEN
and SEAN MARTIN,

      Defendants.

─────────────────────────────────────

CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

Plaintiff, RAMON HERNANDEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, BETWEEN THE BREAD 55TH INC., BETWEEN THE BREAD 40TH INC., BETWEEN THE BREAD II, LTD., BETWEEN THE BREAD LLC., BTB EVENTS & CELEBRATIONS, INC., (together the "Corporate Defendants") and RICKY

EISEN, LEONARD EISEN and SEAN MARTIN (each individually the "Individual Defendant" and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) tips illegally retained by Defendants, (4) liquidated damages, and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread of hours, (4) tips improperly misappropriated by Defendants, (5) an award equal to all surcharges illegally retained by Defendants, (6) unpaid call-in pay, (7) statutory penalties, (8) liquidated damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, RAMON HERNANDEZ, is a resident of Queens County, New York.

6.      BETWEEN THE BREAD 55TH INC. is a corporation organized under the laws of the State of New York, with a principle executive office and address for service of process located at 145 WEST 55TH STREET, NEW YORK, NEW YORK, 10019.

7.     BETWEEN THE BREAD 40TH INC. is a corporation organized under the laws of the State of New York, with a principle executive office and address for service of process located at 20A EAST 40TH STREET, NEW YORK, NEW YORK, 10016.

8.     BETWEEN THE BREAD II, LTD. is a corporation organized under the laws of the State of New York, with a principle executive office and address for service of process located at 141 EAST 56TH STREET, NEW YORK, NEW YORK, 10022.

9.     BETWEEN THE BREAD LLC. is a corporation organized under the laws of the State of New York, with a principle executive office and address for service of process located at 267 BORNSIDE AVENUE, LAWRENCE, NEW YORK, 11559.

10.     BTB EVENTS & CELEBRATIONS, INC. is a corporation organized under the laws of the State of New York, with a principle executive office located at 244 W 54TH STREET #504 NEW YORK, NEW YORK, 10019, and an address for service of process, located at 145 WEST 55TH STREET, NEW YORK, NEW YORK, 10019.

11.     (a) RICKY EISEN is Chairman or Chief Executive Officer of BTB EVENTS & CELEBRATIONS, INC. and BETWEEN THE BREAD 55TH INC..

(b) LEONARD EISEN is Chairman or Chief Executive Officer of BETWEEN THE BREAD II, LTD.

(c) SEAN MARTIN is Vice President and General Manager of BTB EVENTS & CELEBRATIONS, INC.

(d) The Individual Defendants exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. Each of the Individual Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment, of Plaintiff, the

FLSA Collective Plaintiffs and the Class members. Each also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Plaintiff observed Defendant RICKY EISEN hiring managers.

12.     The Defendants operate a catering business under the trade name "Between the Bread." BTB EVENTS & CELEBRATIONS, INC. BETWEEN THE BREAD 55TH INC., BETWEEN THE BREAD 40TH INC., BETWEEN THE BREAD II, LTD. and BETWEEN THE BREAD LLC.  are operated as a single integrated enterprise and together operate the catering business "Between the Bread". Both companies share employees, office space, administrative personnel and food preparation facilities without the required allocation of costs and expenses. All companies are wholly owned by Defendant RICKY EISEN, and she has operated all companies without any observation of corporate formalities. All employees are used by both companies and are hired through BTB EVENTS & CELEBRATIONS, INC.

13.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

14.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees (including delivery workers, caterers and food preparers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage for all hours worked and an overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Specifically, Plaintiff and FLSA Collective Plaintiffs suffered because Defendants willfully violated their rights by failing to pay their minimum wages in the lawful amount. Furthermore, Defendants were not entitled to take any tip credits under the FLSA because (i) Defendants failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, (ii) management retained the mandatory service charge without providing notice to customers that management was sharing a portion of the mandatory service charges, (iii) management retained tips earned by employees in addition to the service charge, and (iv) tipped employees spent at least 20% of their time in non-tipped activities.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including delivery workers, caterers, food preparers, and cashiers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.    The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Additionally, a sub-class of tipped employees includes more than forty (40) individuals. All members of both the Class and sub-class are identifiable through records in the possession of Defendants.

21.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours, (iv) failing to provide

"call-in" pay, (v) failing to provide wage statements that were in compliance with the requirements under the New York Labor Law, and (vi) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law. A sub-class of tipped employees has a claim for unpaid wages, including those from and improperly deducted tip-credit, and illegally retained tips. The claims Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

      b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

      c.  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d.  Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e.  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

f.  Whether Defendants took proper amount of tip credit allowance under the New York Labor Law;

g.  Whether Defendants retained service charges without providing notice to customers that management was sharing a portion of the service charges;

h.  Whether Defendants provided proper wage statements to Plaintiff and the Class members per requirements of the New York Labor Law;

i.  Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all tipped employees per requirements of the New York Labor Law;

j.  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workday;

k.  Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

l.  Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

m. Whether Defendants paid Plaintiff and Class members spread of hours; and

n.  Whether Defendants paid Plaintiff and Class members call-in pay.

## STATEMENT OF FACTS

***The Business of Between the Bread***

26.    Defendant BTB EVENTS & CELEBRATIONS, INC.  was incorporated in 2002. At all relevant times to this action, BTB EVENTS & CELEBRATIONS, INC. has operated and done business under the "Between the Bread" brand.

27.    Defendant BETWEEN THE BREAD 55TH INC.  was incorporated in 2015. At all relevant times to this action, BETWEEN THE BREAD 55TH INC. has operated and done business under the "Between the Bread" brand.

28.    Defendant BETWEEN THE BREAD 40TH INC.  was incorporated in 2015. At all relevant times to this action, BETWEEN THE BREAD 40TH INC. has operated and done business under the "Between the Bread" brand.

29.    Defendant BETWEEN THE BREAD II, LTD.  was incorporated in 1982. At all relevant times to this action, BETWEEN THE BREAD II, LTD. has operated and done business under the "Between the Bread" brand.

30.    Defendant BETWEEN THE BREAD LLC. was incorporated in 2008. At all relevant times to this action, BETWEEN THE BREAD LLC. has operated and done business under the "Between the Bread" brand.

31.    All Corporate Defendants are wholly owned by Individual Defendant RICKY EISEN.

32.    Defendants operate and maintain a custom-built charcuterie kitchen at 145 West 55th Street, New York, New York 10019, from which all of the food items for the Between the Bread catering business are prepared.

33.     At all times relevant to this action, Defendant SEAN MARTIN has been the Vice President and General Manager of Defendant BTB EVENTS & CELEBRATIONS, INC.

34.     At all times relevant to this action, Defendant RICKY EISEN has been the owner and Chief Executive Officer of the Corporate Defendants.

35.     At all times relevant to this action, Defendant LEONARD EISEN has been the Chief Executive Officer of BETWEEN THE BREAD II, LTD.

36.     At a deposition hearing in 2014, Defendant, RICKY EISEN admitted that she has the power to set the work schedule of all Between the Bread employees. (*Ricky Eisen Deposition 8:4-9:7*). Additionally, RICKY EISEN admitted that she maintains employment records of all employees of the Corporate Defendants. (*Ricky Eisen Deposition 49:22-50:11*). Also, RICKY EISEN admitted that she hires and fires employees. *(Ricky Eisen Deposition 28:17-28:18)*. Furthermore, RICKY EISEN admitted that she pays employees and that she has power to change corporate policies. *(Ricky Eisen Deposition 20:24-21:22)*.

37.     Defendant, SEAN MARTIN has previously admitted, on the record, that the policy of the Corporate Defendants is to pay overtime only after an employee has worked more than 42.5 hours in a week. *(Sean Martin Deposition 23:21-24:15)*.

38.     The primary business of the Defendants is providing off-premises sale of food and drink for consumption, and providing corporate and private clients with event planning services, including developing menus and preparing and delivering all food for the event.

39.     Defendants also provide daily *a la carte* breakfast, lunch, and dinner catering menus for door to door delivery that is made upon request. Customers have the option of submitting their food order online through the use of www.seamlessweb.com ("seamless web"), whereupon Defendants receive the customers' order electronically over the internet, and proceed

to prepare the food order in their charcuterie kitchen, and provide delivery to the customer's residence or place of business.

40.     Customers also make "traditional" food orders, i.e., non-seamless web orders, by simply calling the Restaurant and placing an order for delivery or for delivery in connection with pre-planned parties and banquets.

41.     Between the Bread delivery workers are responsible for delivering orders prepared in Between the Bread's kitchen. In addition to making deliveries, delivery personnel are also required to spend in excess of 20% of their working time in the following non-tipped related duties: bundle plastic ware for orders, restock freezers, bundle condiments, pick up checks, make boxes, purchase goods, retrieve items left at a customer's premises, drop off mail at the post office, and handle any other tasks assigned by Defendants.

### *Charges Collected by Between the Bread*

42.     At all relevant times to this action, Between the Bread imposed and collected service charges or a "processing surcharge" of 11% of the total food and beverage bill to its customers. The 11% surcharge was reflected on an invoice provided to the customer upon delivery of an order.

43.     Since at least 2011, the invoices which are provided to customers identify the 11% charge as a "processing surcharge."

44.     Prior to 2011, the invoices provided to customers identified the 11% charge as a "service charge."

45.     At all times relevant to this action, the invoices levied an 11% mandatory surcharge.

46.     The invoices contained no further explanation of these charges.

47.     Plaintiff and other tipped employees were required to share the mandatory surcharge with management. The management retained 100% of the mandatory surcharge and the tipped employees retained 0% of the mandatory surcharge. Prospective customers did not receive any notice that management would retain the mandatory surcharge, and accordingly, believed the surcharge to in fact be a tip.

48.     Defendants failed to provide customers with an explicit written statement that the service charge or processing surcharge was not a gratuity to be retained entirely by the deliverer.

49.     On November 22, 2013, Judge Engelmayer ruled, in a similar case against Defendants, that Defendants' notice of the mandatory surcharge was inadequate to satisfy the requirements of *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008) and held that Defendants could not prove clearly and convincingly that a reasonable customer would have viewed the 11% surcharge as anything other than a gratuity. *See* Maldonado v. BTB Events & Celebrations, Inc., 990 F. Supp. 2d 382, 389 (S.D.N.Y. 2013).

50.     In the 2014 ruling, Judge Engelmayer determined that Defendants were liable for unlawfully misappropriated and retained tips in violation of New York labor Law on a class-wide basis. *See* id.

51.     Despite the 2014 ruling, Defendants have still not changed their policy and practice of levying and retaining the 11% surcharge.

*52.*     The 11% surcharge is a gratuity under the meaning of **§** 196-d of the New York Labor Law. In New York, "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." **§** NYLL 196-d.

### *Wage and Hour Claims*

53.     In or about October 2012, Plaintiff, RAMON HERNANDEZ, was hired by Defendants to work as a delivery person for Defendants at their "Between the Bread" restaurant, located at 145 West 55th Street, New York, New York 10019.  During his employment, Plaintiff, RAMON HERNANDEZ, worked 8 to 11 hours per day for 3 to 6 days a week.

54.     During his employment with Defendant, Plaintiff, FLSA Collective Plaintiffs and Class members were paid below the minimum wage.

55.     Plaintiff, RAMON HERNANDEZ was paid an hourly rate of $9.00 per hour from January 1, 2017 until the termination of his employment on or about July 17, 2017.

56.     Defendants unlawfully failed to pay the Plaintiff and members of the Class the State minimum wage for all hours worked from January 1, 2017 onwards.

57.      On December 31, 2016, the New York State minimum wage for workers employed in New York City by Businesses with eleven (11) or more employees was raised to $11.00 per hour. Defendants employ more than eleven (11) people, yet they continue to pay Plaintiff, FLSA Collective Plaintiffs and Class members a rate of $9.00 per hour.

58.     At all times Defendants failed and refused to provide Plaintiff, FLSA Collective Plaintiffs and Class members with overtime compensation for all hours worked in excess of forty (40) per week.

59.     Defendants would not pay overtime to any employees until after they worked in excess of 42.5 hours per week. This policy is in direct contravention of the FLSA and the New York Labor Law.

60.      Defendants failed to keep track of the daily amount of tips received by Plaintiff, FLSA Collective Plaintiffs and Class members, and also failed to keep the proper employment records required under the FLSA and NYLL.

61.      Plaintiff and other tipped employees were required to engage more than 20% of their working time in non-tipped related activities described in ¶ 41 above. Such activities were unrelated to their primary duties as delivery persons.

62.      For the hours that Defendants did pay Plaintiff, Defendants paid Plaintiffs, the FLSA Collective Plaintiffs and the Class members, invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages.   Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) retained service charges without providing notice to customers that management was sharing a portion of the service charges, and (iv) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

63.      Defendants failed to properly notify Plaintiff, the FLSA Collective Plaintiffs, and Class members of their hourly rate of pay and overtime rate of pay, in direct violation of the FLSA and the New York Labor Law.  Defendants also failed to provide proper wage and hour notices, at the date of hiring and annually, to all non-exempt employees in violation of the requirements of the FLSA and the New York Labor Law.

64.      Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to the Plaintiff and Class members.

65.     Plaintiff and Class members' workdays exceeded a spread of more than ten hours at times. However, Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premiums to Plaintiff and Class members in violation of the New York Labor Law.

66.     Defendants knowingly and willfully operated their business with a policy of not paying call-in pay to the Plaintiff and Class members when Defendants sent Plaintiff and Class members home when the restaurant was not busy. Call-in pay is required under the New York Labor Law.

67.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of 40 hours per week.

68.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

69.     Plaintiff realleges and reavers Paragraphs 1 through 68 of this class and collective action Complaint as if fully set forth herein.

70.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

71.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

72.    At all relevant times, the Corporate Defendants had gross annual revenues in excess of $500,000.

73.    At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek as is required under the FLSA.

74.    Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

75.    From January 1, 2017 onwards, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.

76.    Defendants were not entitled to take any tip credits under the FLSA, because (i) they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, rendering the tip credit invalid in respect of all tipped employees; and (ii) they retained portions of service charges without giving notice to customers that management was sharing in service charges.

77.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

78.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

79.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

80.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

81.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

82.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

83.     Plaintiff realleges and reavers Paragraphs 1 through 82 of this class and collective action Complaint as if fully set forth herein.

84.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

85.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek as is required under the New York Labor Law.

86.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

87.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

88.    Defendants violated Plaintiff's and the sub-class members' rights by applying an unlawful tip credit. Defendants were not entitled to take any tip credits under the NYLL, because (i) they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) they failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) they illegally retained portions of Plaintiff's and the New York sub-class members' tips (including mandatory surcharges) without giving notice to customers that management was sharing in the service charges.

89.    Defendants willfully and intentionally caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

90.    The New York Labor Law prohibits an employer from making any deductions from wages, other than standard deductions for taxes. N.Y. Lab. Law § 193.

91.     Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiff and Class members, in violation of the New York Labor Law. N.Y. Lab. Law § 196-d.

92.     Defendants failed to pay spread of hours to Plaintiff and Class members. Plaintiff and Class members' workdays regularly exceeded ten hours per day, but they were not paid their spread of hours pursuant to New York State Department of Labor Regulations §137.17; 146-1.6.

93.     Defendants failed to pay call-in pay to Plaintiff and Class members. Plaintiff and Class members were sent home early when the restaurant was slow, and received no compensation from Defendants for showing up.

94.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all tipped employees per requirements of the New York Labor Law.

95.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours, unpaid call-in pay, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.    An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.    An award equal to the amount of the improperly retained tips withheld by Defendants;

f.    An award of unpaid spread of hours due under the New York Labor Law;

g.    An award of unpaid call-in pay due under the New York Labor Law;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

i.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

j.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, "spread of hours" premium, misappropriated tips and call-in pay, pursuant to the New York Labor Law;

k.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.      Designation of this action as a class action pursuant to F.R.C.P. 23;

m.      Designation of Plaintiff as Representative of Class; and

n.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: December 5, 2017

                              Respectfully submitted,

                              LEE LITIGATION GROUP, PLLC
                              C.K. Lee (CL 4086)
                              30 East 39th Street, Second Floor
                              New York, NY 10016
                              Tel.: 212-465-1188
                              Fax: 212-465-1181
                              *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*


                        By: ___/s/ C.K. Lee_____
                                    C.K. Lee