```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
RAMON HERNANDEZ, et al.,                                               :
                                                                       :
                        Plaintiffs,                :
                                                                       :      17-cv-9541 (LJL)
     -v-                                                             :
                                                                       :         ORDER
BETWEEN THE BREAD 55TH INC., et al.,                                   :
                                                                       :
                        Defendants.                :
                                                                       :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The parties in this case have reached an agreement on a proposed settlement. During the hearing to preliminarily approve the settlement, the Court identified a number of issues with respect to the settlement agreement and the parties agreed to modify the agreement and the notice to address those issues as follows:

1. The class definition currently defines the class as "the Named Plaintiff and up to 519 non-exempt employees who worked for Defendants at any time between December 5, 2011 and May 29, 2020". Dkt. No. 167-1 ¶ 1.5. In the Court's view, that definition – with its reference to a cap of 519 – is not sufficient for putative class members to be able to ascertain whether they are members of the class or not or for a subsequent court to be able to determine who is bound by the settlement (*i.e.*, will a putative class member say that he expected he would be employee 520?). The objectives sought to be addressed by capping the size of the class can be accomplished by adjusting the settlement consideration in the event that more than 519 persons claim to be class members and seek recovery as such. The parties have agreed to edit the definition of the class to eliminate the reference to 519 employees.
2. The bar date of 45 days from the date of initial mailing is insufficient in the Court's view to assure that putative class members receive notice of the settlement and have the opportunity to make an informed decision whether to opt out (or, in the case of the FLSA collective action, to opt in). The parties agreed to change the bar date to 60 days from the date of initial mailing.
3. The language on page 5 of the class notice stating that class members "will not be charged for these lawyers" is arguably misleading. Dkt. No. 167-2, 5. The language should be revised to make it clear, in substance, that plaintiffs' counsel will be paid from the settlement achieved in this case but that otherwise class members will not be separately charged for class counsel.
4. The notice should also reflect that class members may object to the requested award of attorneys fees.

5. The notice should reflect that the fairness hearing will be held remotely and provide information which may be obtained from the Court's deputy clerk on how parties can participate remotely.
6. The language in the Settlement Agreement to the effect that all class members will be bound by the settlement should be changed to reflect that the settlement will bind only all those class members who have not opted out.

In supplemental briefing, the parties are directed to address the following:

1. The estimated recovery for each putative class member and whether that recovery will differ depending on whether the putative class member opts into the FLSA collective action and releases FLSA claims;
2. The justification for the service awards of $5,000 to the named plaintiffs, including what work each named plaintiff performed to justify such award, and how the size of the service award relates to the recovery for absent class members;
3. The justification for the "penalty" of $100,000 in the event that the Defendant is unable to fund the complete settlement, the reasons why the Court should not consider that proposal – as currently drafted – to favor Plaintiffs' counsel at the expense of his clients, and alternative proposals agreed to by the parties to address the circumstance in which the Defendant is unable to fund the complete settlement;
4. A new proposed schedule, enumerating the number of days from the initial approval of the settlement to the initial mailing and to the closing of the settlement fund.
5. Finally, Plaintiffs' counsel is directed to address the concern that its selection of an administrative claims administrator affiliated with Plaintiffs' counsel and agreement to pay that firm $35,000 – which will be at the expense of the class and will not be refundable if the settlement is not fully funded – is tainted by at least the possibility of a conflict of interest. Specifically, counsel shall solicit and submit to the Court bids and proposals from at least 3 independent claims administrators of at least comparable reputation and experience along with the resumes setting forth the experience and reputation of such firms. Plaintiffs' counsel may also address any other facts that go to the issue of the entire fairness of the arrangement with the proposed claims administrator.

Supplemental briefing should be submitted by ECF filing by September 18, 2020.

SO ORDERED.

Dated: September 10, 2020
       New York, New York

_____
                LEWIS J. LIMAN
                United States District Judge