**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAMON HERNANDEZ, *on behalf of himself, FLSA collective plaintiffs, and the class*, | **Index No. 17-cv-09541** |
| Plaintiff, | **DECLARATION OF TARA NGUYEN REGARDING NOTICE AND SETTLEMENT ADMINISTRATION** |
| -against- | |
| BETWEEN THE BREAD 55th INC., BETWEEN THE BREAD 40th INC., BETWEEN THE BREAD II, LTD., BTB EVENTS & CELEBRATIONS, INC. d/b/a BETWEEN THE BREAD, RICKY EISEN and SEAN MARTIN, | |
| Defendants. | |

I, Tara Nguyen, being duly sworn deposes and says:

1.      I am an Administrator of Advanced Litigation Strategies, LLC ("ALS"), the claims administrator in the above-entitled action.  My business address is 148 West 24th Street, Eighth Floor, New York, New York 10011.  My telephone number is (212) 465-1189.  I am over twenty-one (21) years of age and authorized to make this affidavit on behalf of ALS and myself.

2.      ALS was jointly selected by the parties as the Claims Administrator and appointed by the court on December 21, 2020 to administer the settlement in the above referenced action in accordance with the terms of the Settlement Agreement and Release entered into on September 3, 2020 and the Addendum to Settlement Agreement and Release entered into on December 18, 2020 (the "Settlement").

## NOTIFICATIONS TO THE CLASS

3.      Following the entry of the preliminary approval order, ALS received the Court-approved Notice and Change of Address Form (hereinafter, the "Notice Packet") from Class Counsel.  The Notice Packet was disseminated in English and advised Class Members of their

right to participate in the Settlement, as well as their right to opt-out from or object to the Settlement and the implications of each such action.  The Notice Packet advised Class Members of applicable deadlines and other events including the date and location of the Fairness Hearing, and how Class Members could obtain additional information.  A sample of the Notice Packet is attached hereto as **Exhibit A**.

4.      On or about January 14, 2021, Defendants' counsel provided Class Counsel and ALS with a list (hereinafter, the "Class List") containing the name, employment dates, and if available, last known mailing addresses, phone numbers, and social security numbers of 449 individuals.

5.      On January 20, 2021, the Notice Packet was mailed via First Class Mail to the 449 Class Members contained in the Class List, all of whom had an available mailing address.

6.      ALS received 110 Notice Packets back as undeliverable.  As such, ALS performed a skip trace to obtain new addresses for the undeliverable notices. For those whose notices were returned undeliverable and did not yield a new address via skip trace, ALS also attempted to contact them at the phone numbers and email addresses provided by Defendants, if any. After all such efforts were made, ALS was able to 73 updated addresses and ALS promptly re-mailed Notice Packets to Class Members to those updated addresses. All of the re-mailed notices were successfully delivered.

7.      Ultimately, 449 Notice Packets were mailed and, of those, 412 were successfully delivered, for a total deliverable rate of approximately 92%; and 37 Class Members were not ultimately located, for a total undeliverable rate of approximately 8%.

## EXCLUSIONS AND OBJECTIONS

8.     As of this date, ALS has received four (4) timely requests for exclusion from the Settlement which are attached hereto as **Exhibit B**.

9.     As of this date, ALS has not received any objections to the Settlement.

## BREAKDOWN OF SETTLEMENT FUND

10.     Payments pursuant to the Settlement are, subject to court-approval, to be allocated as follows:

| | |
|---|---|
| **Gross Settlement Fund:** | $   285,000.00 |
| Less Attorney's Fees & Costs: | $     99,785.73 |
| Less Administration Fees: | $     24,903.00 |
| Less Service Awards: | $     30,000.00 |
| **NET SETTLEMENT FUND** | **$   130,311.27** |

11.     As of this date, and taking into account the four (4) individuals who opted out of the Settlement, there are 445 Class Members eligible to receive payment. Accordingly, ALS will proceed to mail checks to the Class Members who received Notice Packets and did not opt-out of the settlement, and who will collectively be paid their proportionate amount of the Net Settlement Fund. The highest claimant amount will be $2,906.08, for 443 workweeks, and the average claim payment will be $293.08, for approximately 45 workweeks.

## ADMINISTRATION COSTS

12.     ALS's fees and expenses for services rendered in connection with the administration of this Settlement including fees incurred and anticipated future costs for completion of the administration are $24,903.00.  ALS will continue its work on this matter by

performing such duties as distributing checks to each Class Member, responding to Class Members' inquiries, and preparing appropriate tax forms for Class Members.

     13.    I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.  Executed this 12th day of April 2021, at New York, New York.

DATED: April 12, 2021

*Tara Nguyen*

Tara Nguyen

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

RAMON HERNANDEZ, on behalf of
himself and the Class,

                          Plaintiff,

          v.

BETWEEN THE BREAD 55th INC.,
BETWEEN THE BREAD 40th INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
      d/b/a BETWEEN THE BREAD,
RICKY EISEN and SEAN MARTIN,

                   Defendants.

_____

Case No.: CV-17-9541

**NOTICE OF PROPOSED**
**CLASS ACTION SETTLEMENT**

**If you were employed at a Between the Bread eatery located in New York City as a delivery worker,
caterer, food preparers or cashier at any time between
December 5, 2011 and May 29, 2020, please read this Notice.**

DATED:        **January 20, 2021**

## PLEASE READ THIS NOTICE CAREFULLY

**This Notice relates to a proposed settlement of a class and collective action litigation.  It has been
authorized by a federal court.  It contains important information as to your right to participate in the
settlement, make a claim for payment or elect not to be included in the class.**

### Introduction

Former employee of Defendants, Ramon Hernandez, filed a lawsuit for allegedly unpaid minimum wages,
unpaid overtime premiums, unpaid spread of hours premiums, unpaid call-in pay, and other claimed damage
against Defendants.  The Court in charge of this case is the United States District Court for the Southern
District of New York.  The lawsuit is known as _Hernandez v. Between the Bread 55th Inc. et al._ (17-cv-
09541).  The person who filed the lawsuit is called the Plaintiff.  Plaintiff alleges in the lawsuit that, among
other things, Defendants failed to pay them and other delivery workers, caterers, food preparers and cashiers
(the "Class") the proper minimum wage, overtime premium, spread of hours premium, and call-in pay,
among other violations, in violation of the Fair Labor Standards Act ("FLSA") and New York State Labor
Law ("NYLL").  Defendants deny the Plaintiff's allegations.  It is Defendants' position that they properly
compensated Plaintiff and the Class.

Although Defendants deny that they are liable or owe damage to anyone, Defendants concluded that it is in their best interests to resolve Plaintiffs' claims on behalf of Plaintiffs and the Class.  Accordingly, Plaintiff and Defendants have agreed to settle the action.  Defendants have agreed to pay $285,000 to cover the claims of all of the employees in this case as well as expenses such as attorneys' fees.  The Court has not decided who is right and who is wrong.   Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

Based on the Settlement Administrator's calculation, a Class Member will receive approximately $6.23 for each week worked during the relevant statutory period.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything at this time.  Once the settlement is approved by the Court, you will be mailed a tax form to complete in order to receive your payment. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the lawsuit you must follow the directions outlined in response to question 7 below. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable.  If the Court rejects your objection, you will still be bound by the terms of the settlement for claims under New York Law unless you submit a valid and timely opt-out form.  You will not be bound by the settlement if you opt-out of this action as described herein.  If you object you may participate in the Fairness Hearing to speak to the Court about the fairness of the settlement. |

---

| 1. | **Why did I receive this notice?** |
|---|---|

You have received this notice because Defendants' records show that you worked as a delivery worker, caterer, food preparer or cashier at one of the Between the Bread eateries in New York City at sometime between from December 5, 2011 and May 29, 2020.

| 2. | **What is a class and collective action?** |
|---|---|

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims.  These other people are known as Class Members.  In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  The Honorable Lewis Liman, United States District Judge of the United States District Court for the Southern District of New York is presiding over this class action.  Judge Liman has not made any determination about who is right or wrong in this lawsuit.

A collective action is a lawsuit, similar to a class action, where one or more persons sue not only for themselves but for other similarly situated individuals who have similar claims under the Fair Labor Standards Act ("FLSA"). In a collective action, an individual must affirmatively "opt into" the case.

2

By endorsing and depositing a settlement check, you will automatically be included in the collective action for the federal claims and release any wage and hour claims that you could have asserted for the period December 5, 2011 to May 29, 2020, as described in Paragraph 6(ii). If you timely exclude yourself from the settlement by following the procedures described in Paragraph 7, your FLSA claims will be unaffected and you will retain the right to sue Defendants for your wage and hour claims under the FLSA. Likewise, if you do not opt out of the settlement but fail to timely cash your settlement check, your FLSA claims will also be unaffected and you will retain your right to sue Defendants for your wage and hour claims under the FLSA.

| 3. | Why is there a settlement? |
|---|---|

Class Counsel analyzed and evaluated the claims made against Defendants in the litigation, investigated Defendants' pertinent payroll policies, analyzed payroll data for Plaintiff and potential Class Members and evaluated Defendants' ability to pay a judgment.  Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiff and the Class Members.  Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all attorneys' fees, costs, service payments, and administrative charges have been paid.

| 4. | Payment to Class |
|---|---|

If you do nothing, you will automatically be deemed to be part of the class settlement.  If the Court approves the settlement, and after any objections and appeals are resolved, Class Members who do not exclude themselves from the settlement will receive a tax form from the settlement administrator for their settlement payment and they will receive their settlement checks after they return valid tax forms to the settlement administrator.

You will be paid a proportionate share of the Settlement Fund based on a formula taking into account weeks you worked for Defendants during the period December 5, 2011 and May 29, 2020. Based on the Settlement Administrator's calculation, a Class Member will receive approximately $6.23 for each week worked during the relevant statutory period.  If you would like information about the amount of your individual settlement payment, please contact the Settlement Administrator, Advanced Litigation Strategies, LLC, located at 148 West 24th Street, Eighth Floor, New York, New York 10011, by phone at (212) 465-1180 or by email at btb@advancedlitigation.org.

Any funds that have not been claimed after 90 days shall revert to Defendants.

| 5. | Payments to Class Representatives |
|---|---|

The Settlement proposes that named Plaintiff Ramon Hernandez, and each of Carlos Gonzalez, Constantino Hernandez, Jorge Menendez, Jose Reyes, and Mauro Teutle, who each assisted in this litigation and assisted in its resolution, will each receive a service payment in the amount of $5,000, for their significant involvement and time in discovery for the benefit of the Class Members.

| 6. | Procedures |
|---|---|

If you do nothing, you will automatically participate in the class settlement.  If you want to exclude yourself, please refer to Paragraph 7 hereto.

If the Court grants final approval of the Settlement, this action will end, and Class Members who do not opt out will release Defendants from December 5, 2011 through May 29, 2020 from all claims asserted in the Complaint as described below.  This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding the claims brought in this case, although you may still retain certain Federal claims.  It also means that all of the Court's orders will apply to you and legally bind you.

The Release in the Settlement Agreement provides that:

**(i)** **With respect to claims under New York State law, you are releasing all of your wage and hour claims that could have been asserted, for the period December 5, 2011 to May 29, 2020, and**

**(ii)** **With respect to claims under federal law, you are releasing all of your wage and hour claims that could have been asserted under the FLSA, for the period December 5, 2014 to May 29, 2020. These claims include but are not limited to claims for unpaid minimum and overtime wages, and any other related wage and hour claims.**

**By failing to opt-out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims. By endorsing and depositing a settlement check, you will automatically be part of the collective class settlement for the federal law claims.**

| **7.** | **How Do I Exclude Myself From The Settlement?** |
| --- | --- |

If you do not want to participate in the class settlement, you must take steps to exclude yourself from this case.

If you want to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the Between the Bread wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement").  To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid, and postmarked by March 21, 2021.

>Settlement Administrator
>Advanced Litigation Strategies, LLC
>148 West 24th Street, Eighth Floor
>New York, New York 10011
>Tel.: (212) 465-1180
>Fax: (212) 465-1181
>btb@advancedlitigation.org

A sample opt-out form is attached to this notice. The Court will exclude any member of the class who requests exclusion by following the procedures outlined above.

If you exclude yourself from the Lawsuit and Settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

| **8.** | **If I don't exclude myself from the settlement, can I sue Defendants for the same** |
| --- | --- |

**thing later?**

No.  By participating in the settlement, you give up any rights to sue Defendants under federal and state law with regard to the claims brought in this case or which could have been brought in this case.   If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.  Remember, the exclusion deadline is March 21, 2021.

**9.      If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

**10.      Do I have a lawyer in this case?**

The Court has decided that the law firm of Lee Litigation Group, PLLC, 148 West 24th Street, Eighth Floor, New York, New York 10011, is qualified to represent you and the other Class Members.  These lawyers are called Class Counsel.  Class Counsel will be paid out of the settlement fund, from the settlement achieved in this case, but otherwise, Class Members will not be separately charged for Class Counsel's fees and expenses.  You do not need to retain your own lawyer in order to participate as a Class Member. However, if you want to be represented by your own lawyer, you may hire one at your own expense.

**11.      How will the service providers be paid?**

Class Counsel will ask the Court to approve payment of up to $95,000 (1/3 of the settlement fund established by Defendants) to them for attorneys' fees, plus additional costs and expenses to be determined.  The fees would pay Class Counsel for all work that they have performed in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court has approved payment of $24,903 as fees to Advanced Litigation Strategies, LLC to administer the settlement.

**12.      How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it, including objecting to the requested award of attorneys' fees or service awards.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion.  To object, you must send a letter saying that you object to the settlement in *Hernandez v. Between the Bread 55th Inc. et al.* Your statement must include all reasons for the objection and any supporting documentation in your possession.  Your statement must also include your name, address, and telephone number.

If you wish to present your objection at the fairness hearing described below, you must state your intention to do so in your written objection. Your statement should be as detailed as possible otherwise the court may not allow you to present reasons for your objection at the fairness hearing that you did not describe in your written objection.  Mail the objection to the Settlement Administrator via First-Class United States Mail to the address below.  Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by March 21, 2021.

Settlement Administrator
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, New York 10011
Tel.: (212) 465-1180
Fax: (212) 465-1181
btb@advancedlitigation.org

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**13.  What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement.  Class Counsel will answer questions the Judge may have.  You do not have to come to the hearing, but you are welcome to do so at your own expense.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend.  As long as you mailed your written objection on time, the Court will consider it.  If you do attend the hearing, it is possible that you will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

**14.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at 11:00 a.m. on May 5, 2021.  The Fairness Hearing will be held remotely.  If you wish to participate remotely in the Fairness Hearing, you may do so by contacting the Court at that date and time by telephone at (888) 251-2909 using access code 2123101 followed by the pound (#) key.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.  If there are objections, the Court will consider them.   The Judge will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

**15.  Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can review the settlement agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator, or by visiting the website www.betweenthebreadsettlement.com.

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

RAMON HERNANDEZ, on behalf of
himself and the Class,

                            Plaintiff,

       v.                                                                          Civil Action No.: 17-cv-9541

BETWEEN THE BREAD 55th INC.,
BETWEEN THE BREAD 40th INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
       d/b/a BETWEEN THE BREAD,
RICKY EISEN and SEAN MARTIN,

                         Defendants.

------------------------------------------------------------------x

# OPT-OUT STATEMENT

**Complete and mail this Opt-Out Statement by March 21, 2021 to:**

                Settlement Administrator
                Advanced Litigation Strategies, LLC
                148 West 24th Street, Eighth Floor
                New York, NY 10011
                btb@advancedlitigation.org

   I opt out of the Between the Bread wage and hour settlement.

**IF YOU SEND IN THIS FORM YOU WILL NOT RECEIVE ANY MONEY FROM THE**
**SETTLEMENT.**

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____

Date:_____          _____
                                    Signature

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

RAMON HERNANDEZ, on behalf of
himself and the Class,

                     Plaintiff,

        v.

BETWEEN THE BREAD 55th INC.,
BETWEEN THE BREAD 40th INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
     d/b/a BETWEEN THE BREAD,
RICKY EISEN and SEAN MARTIN,

               Defendants.

_____

Case No.: CV-17-9541

**NOTICE OF PROPOSED**
**CLASS ACTION SETTLEMENT**

**Si estuvo empleado en un restaurante Between the Bread ubicado en la ciudad de Nueva York como repartidor, proveedor de alimentos, preparador de comidas o cajero en algún momento entre el 5 de diciembre de 2011 y el 29 de mayo de 2020, le solicitamos que lea este Aviso.**

FECHADO:   **20 de enero de 2021**

## LEA ESTE AVISO CON ATENCIÓN

**Este Aviso se relaciona con una propuesta de acuerdo de un litigio por una demanda de clase y colectiva. Fue autorizado por un tribunal federal. Contiene información importante sobre su derecho a participar en el acuerdo, realizar un reclamo para recibir un pago o decidir que no lo incluyan en el grupo de la demanda de clase.**

### Introducción

El exempleado de los Demandados, Ramón Hernandez, interpuso una demanda por presuntos salarios mínimos no pagados, primas de horas extras no pagadas, primas por horas repartidas no pagadas, pagos por disponibilidad no efectuados y otros perjuicios reclamados contra los Demandados. El Tribunal a cargo en esta causa es el Tribunal de distrito de los Estados Unidos para el distrito sur de Nueva York. La demanda se conoce como _Hernandez v. Between the Bread 55th Inc. et al._ (17-cv-09541). La persona que interpuso la demanda se llama Demandante. El Demandante alega en la demanda que, entre otras cosas, los Demandados no cumplieron en pagarles a ellos y a otros repartidores, proveedores de alimentos, preparadores de comidas o cajeros (el "Grupo de la demanda de clase") los correctos salarios mínimos, primas por horas extras, primas por horas repartidas y pagos por disponibilidad, entre otros incumplimientos, en violación de la Ley de normas laborales justas (Fair Labor Standards Act, "FLSA") y le Ley laboral del estado de Nueva York

(New York State Labor Law, "NYLL").  Los Demandados niegan las alegaciones del Demandante.  La postura de los Demandados es que ellos pagaron correctamente al Demandante y al Grupo de la demanda de clase.

Si bien los Demandados niegan ser responsables o adeudar compensación por perjuicios a nadie, llegaron a la conclusión de que lo más conveniente es resolver los reclamos de los Demandantes en nombre de los Demandantes y del Grupo de la demanda de clase.  En consecuencia, el Demandante y los Demandados han acordado resolver la demanda. Los Demandados han aceptado pagar $285,000 para cubrir los reclamos de todos los empleados en esta causa, como también gastos tales como honorarios de los abogados. El Tribunal no ha resuelto acerca de quién tiene razón. Sus derechos legales podrían verse afectados y ahora debe tomar una decisión. Estos derechos y opciones se resumen a continuación y se explican plenamente en este Aviso.

Con base en el cálculo del Administrador del Acuerdo, un Miembro del Grupo de la demanda de clase recibirá aproximadamente $6.23 por cada semana trabajada durante el período legal pertinente.

### SUS DERECHOS Y OPCIONES LEGALES EN ESTE ACUERDO:

| | |
|---|---|
| **NO HACER NADA** | Si eliges participar en el acuerdo, no tienes que hacer nada en este momento. Cuando la Corte apruebe el acuerdo, se le enviará por correo un formulario de impuestos para que lo complete y reciba su pago. |
| **EXCLUIRSE** | Si no desea participar ("excluirse") de la demanda, debe seguir las instrucciones detalladas en respuesta a la pregunta 7 más adelante. |
| **OBJETAR** | Si desea objetar el acuerdo, puede escribirle al Tribunal explicando por qué considera que el acuerdo es injusto o no es razonable. Si el Tribunal rechaza su objeción, igualmente seguirá obligado por los términos del acuerdo para los reclamos conforme a la legislación de Nueva York, salvo que presente un formulario de exclusión válido y de forma oportuna. No quedará obligado por el acuerdo si se excluye de esta demanda, tal como se describe en el presente. Si objeta, puede participar en la Audiencia de imparcialidad para hablarle al Tribunal sobre la imparcialidad del acuerdo. |

### 1.      ¿Por qué recibí este aviso?

Recibió este aviso porque los registros de los Demandados indican que usted trabajó como repartidor, proveedor de alimentos, preparador de comidas o cajero en uno de los restaurantes Between the Bread en la ciudad de Nueva York, en algún momento entre el 5 de diciembre de 2011 y el 29 de mayo de 2020.

### 2.      ¿Qué es una demanda de clase y colectiva?

Una demanda de clase es un litigio en el que una o más personas entablan una acción judicial, no solo para ellas mismas, sino también para otras personas que tienen reclamos similares. Estas otras personas se denominan Miembros del Grupo de la demanda de clase. En una demanda de clase, un tribunal resuelve los problemas para todos los Miembros del Grupo de la demanda de clase, excepto para quienes se excluyan del

Grupo. El Honorable Lewis Liman, Juez de distrito de los Estados Unidos del Tribunal de distrito de los Estados Unidos para el distrito sur de Nueva York preside la causa de esta demanda de clase. El Juez Liman no ha resuelto acerca de quién tiene razón en esta demanda.

Una demanda colectiva es un pleito, similar a la demanda de clase, en la que una o más personas entablan una acción judicial no solamente para ellas mismas, sino para otras personas en una situación parecida, quienes tienen reclamos similares en virtud de la Ley de normas laborales justas ("FLSA"). En una demanda colectiva, la persona debe "incluirse" afirmativamente en la causa.

Al endosar y depositar el cheque del acuerdo, usted quedará incluido de forma automática en la demanda colectiva para los reclamos federales, y libera cualquier reclamo por salarios y horas que podría interponerse para el período comprendido entre el 5 de diciembre de 2011 y el 29 de mayo de 2020, según se describe en el párrafo 6(ii). Si se excluye del acuerdo en tiempo y forma siguiendo los procedimientos descritos en el párrafo 7, sus reclamos conforme a la FLSA no se verán afectados y usted conservará el derecho a accionar judicialmente contra los Demandados por sus reclamos por salarios y horas en virtud de la FLSA. Asimismo, si no se excluye del acuerdo, pero no cobra su cheque del acuerdo en tiempo y forma, sus reclamos conforme a la FLSA tampoco se verán afectados y usted conservará el derecho a accionar judicialmente contra los Demandados por sus reclamos por salarios y horas en virtud de la FLSA.

## 3.      ¿Por qué hay un acuerdo?

Los Abogados del Grupo de la demanda de clase analizaron y evaluaron los reclamos interpuestos contra los Demandados en el litigio, investigaron las políticas de nómina pertinentes de los Demandados, analizaron los datos de la nómina para el Demandante y los posibles Miembros del Grupo de la demanda de clase y evaluaron la capacidad de pagar una sentencia por parte de los Demandados. Con base en el análisis y la evaluación que efectuaron los Abogados del Grupo de la demanda de clase de estos datos, la ley pertinente y los riesgos sustanciales de un litigio prolongado, que incluye la posibilidad de que el litigio, si no se resuelve ahora, podría resultar en ninguna recuperación de ningún tipo, o podría resultar en una recuperación menos favorable y que no se produciría durante varios años, los Abogados del Grupo de la demanda de clase celebraron este acuerdo propuesto. Los Abogados del Grupo de la demanda de clase están satisfechos en el sentido de que los términos y condiciones de este Acuerdo son justos, razonables y adecuados, y que este Acuerdo es lo más conveniente para el mencionado Demandante y los Miembros del Grupo de la demanda de clase. Su parte estimada del acuerdo se basará en la cantidad de semanas que usted haya trabajado durante el período de la demanda de clase, después de pagar todos los honorarios de los abogados, costas, servicios y gastos administrativos.

## 4.      Pago al Grupo de la demanda de clase

Si no hace nada, automáticamente será parte del acuerdo de la demanda de clase. Si no haces nada, automáticamente se considerará parte del acuerdo colectivo. Si la Corte aprueba el acuerdo, y después de que se resuelvan las objeciones y apelaciones, los Miembros de Clase que no se excluyeron del acuerdo recibirán un formulario de impuestos del administrador del acuerdo para el pago del acuerdo y recibirán sus cheques del acuerdo después de que devuelvan un formulario de impuestos válido al administrador del acuerdo.

Se le pagará una parte proporcional del Fondo del Acuerdo basada en una fórmula que considere las semanas que trabajó para los Demandados durante el período comprendido entre el 5 de diciembre de 2011 y el 29 de mayo de 2020. Con base en el cálculo del Administrador del Acuerdo, un Miembro del Grupo de la demanda de clase recibirá aproximadamente $6.23 por cada semana trabajada durante el período legal pertinente. Si desea obtener información acerca del importe del pago de su acuerdo individual, le agradecemos que se

contacte con el Administrador del Acuerdo de la siguiente manera: Settlement Administrator, Advanced Litigation Strategies, LLC, 148 West 24th Street, Eighth Floor, New York, New York 10011; por teléfono al (212)465-1180 o por correo electrónico en btb@advancedlitigation.org.

Los fondos que no se reclamen después de 90 días se revertirán a los Demandados.

| 5. | Pagos a los representantes del Grupo de la demanda de clase |
|---|---|

El Acuerdo propone que el mencionado Demandante Ramón Hernandez y, además, Carlos Gonzalez, Constantino Hernandez, Jorge Menendez, José Reyes y Mauro Teutle, cada uno individualmente, quienes colaboraron con este litigio y en su resolución, reciba, cada uno de ellos, un pago por servicios por un importe de $5,000 por su significativa participación y por el tiempo destinado para la proposición de pruebas, para beneficio de los Miembros del Grupo de la demanda de clase.

| 6. | Procedimientos |
|---|---|

Si no hace nada, automáticamente participará en el acuerdo de la demanda de clase. Si desea excluirse, le solicitamos que consulte el párrafo 7 en el presente.

Si el Tribunal otorga la aprobación definitiva del Acuerdo, esta demanda llegará a su fin y los Miembros del Grupo de la demanda de clase que no se excluyeron liberarán a los Demandados, desde el 5 de diciembre de 2011 hasta el 29 de mayo de 2020, de todos los reclamos interpuestos en la Denuncia según se describe más adelante. Esto significa que usted no puede demandar, seguir demandando ni ser parte de ninguna otra demanda contra los Demandados con respecto a los reclamos interpuestos en esta causa, aunque todavía podría conservar algunos reclamos federales. También significa que todas las resoluciones del Tribunal se aplicarán para usted y lo obligarán legalmente.

La Exención en el Acuerdo de conciliación establece lo siguiente:

**(i)    con respecto a los reclamos en virtud de la legislación del estado de Nueva York, usted libera todos sus reclamos por salarios y horas que pudieron haberse interpuesto, durante el período comprendido entre el 5 de diciembre de 2011 y el 29 de mayo de 2020, y**

**(ii)    con respecto a los reclamos en virtud de la legislación federal, usted libera todos sus reclamos por salarios y horas que pudieron haberse interpuesto conforme a la FLSA, durante el período comprendido entre el 5 de diciembre de 2014 y el 29 de mayo de 2020. Estos reclamos incluyen, entre otros, los reclamos por salarios mínimos y horas extras no pagados y cualquier otro reclamo relacionado con salarios y horas.**

**Al no excluirse de esta demanda, automáticamente será parte del acuerdo de la demanda de clase para los reclamos en virtud de la legislación del estado de Nueva York. Al endosar y depositar el cheque del acuerdo, automáticamente será parte del acuerdo de demanda colectiva y de clase para los reclamos en virtud de la legislación federal.**

| 7. | ¿Cómo me excluyo del Acuerdo? |
|---|---|

Si no desea participar en el acuerdo de la demanda de clase, debe tomar medidas para excluirse de esta causa.

Si desea excluirse, debe enviar por correo postal una declaración escrita y firmada al Administrador del Acuerdo, que indique lo siguiente: "Me excluyo del acuerdo por salarios y horas con Between the Bread"; debe incluir su nombre, domicilio y número de teléfono ("Declaración de exclusión"). Para que tenga validez, debe enviar la Declaración de exclusión al Administrador del Acuerdo por correo postal de primera clase de los Estados Unidos, con el franqueo pagado por anticipado, y debe tener fecha del matasellos antes del 21 de marzo de 2021.

> Settlement Administrator
> Advanced Litigation Strategies, LLC
> 148 West 24th Street, Eighth Floor
> New York, New York 10011
> Tel.: (212) 465-1180
> Fax: (212) 465-1181
> btb@advancedlitigation.org

Se adjunta a este aviso un modelo de formulario de exclusión. El Tribunal excluirá a aquellos Miembros del Grupo de la demanda de clase que soliciten la exclusión mediante los procedimientos detallados anteriormente.

Si se excluye de la Demanda y del Acuerdo, NO podrá objetar el acuerdo según se describe en el párrafo 12 más adelante.

| 8. | Si no me excluyo del acuerdo, ¿puedo accionar judicialmente contra los Demandados por la misma causa posteriormente? |

No.   Al participar del acuerdo, usted renuncia a sus derechos a accionar judicialmente contra los Demandados en virtud de la legislación federal y estatal, con respecto a los reclamos interpuestos en esta causa o que hubieran podido interponerse en esta causa. Si tiene una demanda en trámite, hable con su abogado de inmediato para saber si este acuerdo afectará su otra causa. Recuerde que la fecha límite de exclusión es 21 de marzo de 2021.

| 9. | Si me excluyo, ¿puedo cobrar dinero de este acuerdo? |

No.   Si se excluye, no recibirá dinero alguno de esta acción judicial, pero puede demandar, seguir demandando o ser parte de una demanda diferente contra los Demandados con respecto a estos mismos reclamos.

| 10. | ¿Tengo un abogado en esta causa? |

El Tribunal ha determinado que la firma de abogados Lee Litigation Group, PLLC, 148 West 24th Street, Eighth Floor, New York, New York 10011, está calificada para representarlo a usted y a los otros Miembros del Grupo de la demanda de clase. A estos abogados se los denomina Abogados del Grupo de la demanda de clase. A los Abogados del Grupo de la demanda de clase se les pagará con dinero proveniente del fondo del acuerdo al que se ha llegado en esta causa; por otra parte, a los Miembros del Grupo de la demanda de clase no se les cobrará de forma independiente por los honorarios y gastos de los Abogados del Grupo de la demanda de clase.  No tiene que contratar a su propio abogado para participar como Miembro del Grupo de la demanda de clase. Sin embargo, si desea que lo represente su propio abogado, puede contratarlo y usted se hará cargo de los gastos.

| **11.** | **¿Cómo se les pagará a los que prestan el servicio?** |
|---|---|

Los Abogados del Grupo de la demanda de clase solicitarán al Tribunal que apruebe que se les pague hasta $95,000 (1/3 del fondo del acuerdo establecido por los Demandados) en concepto de honorarios más las costas y gastos adicionales que se determinen. Los honorarios pagarán a los Abogados del Grupo de la demanda de clase por todo el trabajo que hayan realizado en esta acción judicial, incluyendo presentar escritos, participar en la proposición de pruebas, investigar los hechos, asistir a las conferencias del tribunal, y negociar y supervisar el acuerdo.

El Tribunal ha aprobado el pago de $24,903 como honorarios para Advanced Litigation Strategies, LLC por administrar el acuerdo.

| **12.** | **¿Cómo le digo al Tribunal que no estoy conforme con el acuerdo?** |
|---|---|

Puede objetar el acuerdo si hay algo que no le agrada; incluso puede objetar la asignación solicitada por honorarios de los abogados o por servicios. También puede brindar las razones por las que considera que el Tribunal no debería aprobarlo. El Tribunal considerará su opinión. Si el Tribunal rechaza su objeción, igualmente seguirá obligado por los términos del acuerdo para los reclamos conforme a la legislación de Nueva York, salvo que haya presentado una solicitud de exclusión en tiempo y forma. Para objetar, debe enviar una carta que indique que objeta el acuerdo en *Hernandez v. Between the Bread 55th Inc. et. al.* Su escrito debe incluir todas las razones de la objeción y la documentación de respaldo que tenga en su poder. También debe incluir su nombre, domicilio y número de teléfono.

Si desea presentar su objeción en la audiencia de imparcialidad que se describe más adelante, debe indicar su intención de hacerlo en su objeción escrita. Su declaración debe ser lo más detallada posible, de lo contrario el Tribunal podría no autorizarlo a presentar las razones de su objeción en la audiencia de imparcialidad que no describió en su objeción realizada por escrito. Envíe su objeción al Administrador del Acuerdo por correo de primera clase de los Estados Unidos al domicilio que se indica a continuación. Su objeción no será considerada a menos que sea enviada al Administrador del Acuerdo por correo de primera clase de los Estados Unidos y que tenga fecha de matasellos antes del 21 de marzo de 2021.

Settlement Administrator
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, New York 10011
Tel.: (212) 465-1180
Fax: (212) 465-1181
btb@advancedlitigation.org

El Administrador del Acuerdo compartirá su objeción con los Abogados del Grupo de la demanda de clase y con los abogados de los Demandados, y su escrito con la objeción será presentado ante el Tribunal.

No podrá objetar el acuerdo si presenta una carta en la que solicita que se lo excluya del acuerdo de la demanda.

| **13.** | **¿Cuál es la diferencia entre objetar y excluirse?** |
|---|---|

Objetar es simplemente decirle al Tribunal que no está conforme con algo del acuerdo. Puede objetar únicamente si permanece en el Grupo de la demanda de clase. Excluirse del acuerdo es decirle al Tribunal que no desea formar parte del Grupo de la demanda de clase. Si se excluye, no podrá objetar porque esta causa ya no lo afecta.

El Tribunal realizará una audiencia para determinar si aprueba o no el acuerdo. Los Abogados del Grupo de la demanda de clase responderán las preguntas que el Juez pudiera formular. No tiene obligación de asistir a la audiencia, pero puede hacerlo si lo desea, a su propio cargo.

Si envía una objeción, no es necesario que asista al Tribunal para hablar de eso, pero puede hacerlo si lo desea, a su propio cargo, o puede pagar a su propio abogado para que asista.  Siempre y cuando haya enviado por correo su objeción escrita en tiempo y forma, el Tribunal la considerará. Si asiste a la audiencia, lo más probable es que no le permitan hablar, a menos que objete por escrito en tiempo y forma según se describió anteriormente y notifique al Tribunal su intención de comparecer en la audiencia de imparcialidad.

| **14.  ¿Cuándo y dónde decidirá el Tribunal si aprueba el acuerdo?** |
| --- |

El Tribunal realizará una audiencia de imparcialidad a las 11:00 a. m. del 5 de mayo de 2021.  La audiencia de imparcialidad se llevará a cabo de forma remota. Si desea participar de forma remota en la audiencia de imparcialidad, puede hacerlo; para ello debe contactarse con el Tribunal en esa fecha y hora por teléfono, al (888) 251-2909 usando el código de acceso 2123101 seguido por la tecla numeral (#).

En esta audiencia, el Tribunal considerará si los términos del acuerdo son justos, razonables y adecuados. Si hubiera objeciones, el Tribunal las considerará. El Juez escuchará a todas las personas que hayan solicitado la palabra en la audiencia. Después de la audiencia, el Tribunal determinará si aprueba o no el acuerdo. No sabemos cuánto tiempo llevará tomar estas decisiones.

| **15.  ¿Hay más detalles sobre el acuerdo?** |
| --- |

Este aviso resume el acuerdo propuesto. Si desea conocer más detalles, puede consultar el Acuerdo de conciliación. También puede revisar el Acuerdo de conciliación si solicita una copia escribiendo o llamando al Administrador del Acuerdo, o si visita el sitio web www.betweenthebreadsettlement.com.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

RAMON HERNANDEZ, on behalf of
himself and the Class,

                              Plaintiff,

        v.

BETWEEN THE BREAD 55th INC.,
BETWEEN THE BREAD 40th INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
        d/b/a BETWEEN THE BREAD,
RICKY EISEN and SEAN MARTIN,

                              Defendants.

-------------------------------------------------------------x

Civil Action No.: 17-cv-9541

# DECLARACIÓN DE EXCLUSIÓN

**Complete y envíe por correo esta Declaración de exclusión antes del 21 de marzo de 2021 a:**

Settlement Administrator
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
btb@advancedlitigation.org

Me excluyo del acuerdo por salarios y horas de Between the Bread.

**SI ENVÍA ESTE FORMULARIO NO RECIBIRÁ DINERO ALGUNO PROVENIENTE DEL ACUERDO.**

Nombre: _____

Domicilio: _____

Ciudad: _____ Estado: _____ Código postal: _____

Número de teléfono: _____

Fecha:_____        _____
                                                Firma

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

RAMON HERNANDEZ, on behalf of
himself and the Class,

                Plaintiff,

    v.

BETWEEN THE BREAD 55th INC.,
BETWEEN THE BREAD 40th INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
    d/b/a BETWEEN THE BREAD,
RICKY EISEN and SEAN MARTIN,

                Defendants.

Civil Action No.: 17-cv-9541

-------------------------------------------------------------x

## OPT-OUT STATEMENT

### Complete and mail this Opt-Out Statement by March 21, 2021 to:

Settlement Administrator
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
btb@advancedlitigation.org

I opt out of the Between the Bread wage and hour settlement.

**IF YOU SEND IN THIS FORM YOU WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT.**

Name: PAUL D. loBel

Address:

City               State:           Zip:

Telephone Number:

Date: 1.24.21                     
                               Signature

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

RAMON HERNANDEZ, on behalf of
himself and the Class,

                Plaintiff,

   v.

BETWEEN THE BREAD 55th INC.,
BETWEEN THE BREAD 40th INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
   d/b/a BETWEEN THE BREAD,
RICKY EISEN and SEAN MARTIN,

                Defendants.

-------------------------------------------------------------------x

Civil Action No.: 17-cv-9541

## OPT-OUT STATEMENT

**Complete and mail this Opt-Out Statement by March 21, 2021 to:**

Settlement Administrator
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
btb@advancedlitigation.org

I opt out of the Between the Bread wage and hour settlement.

**IF YOU SEND IN THIS FORM YOU WILL NOT RECEIVE ANY MONEY FROM THE**
**SETTLEMENT.**

Name: LUIS TEJeda

Address: ▮▮▮▮▮▮▮▮▮▮▮▮

City: ▮▮▮▮ State: ▮▮▮▮ Zip: ▮▮▮

Telephone Number: ▮▮▮▮▮▮▮

Date: 12/22/2024

Signature

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

RAMON HERNANDEZ, on behalf of
himself and the Class,

                         Plaintiff,

     v.

                                          Civil Action No.: 17-cv-9541

BETWEEN THE BREAD 55th INC.,
BETWEEN THE BREAD 40th INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
    d/b/a BETWEEN THE BREAD,
RICKY EISEN and SEAN MARTIN,

                         Defendants.

-------------------------------------------------------------x

## OPT-OUT STATEMENT

### Complete and mail this Opt-Out Statement by March 21, 2021 to:

Settlement Administrator
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
btb@advancedlitigation.org

I opt out of the Between the Bread wage and hour settlement.

**IF YOU SEND IN THIS FORM YOU WILL NOT RECEIVE ANY MONEY FROM THE
SETTLEMENT.**

Name: Maria Del Pilar Romero

Address: ▮

City: ▮          State: ▮     Zip: ▮

Telephone Number: ▮

Date: I-27-2021           Maria del Pilar Romero C
                                 Signature

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

RAMON HERNANDEZ, on behalf of
himself and the Class,

                Plaintiff,

    v.

                                     Civil Action No.: 17-cv-9541

BETWEEN THE BREAD 55th INC.,
BETWEEN THE BREAD 40th INC.,
BETWEEN THE BREAD II, LTD.,
BETWEEN THE BREAD LLC.,
BTB EVENTS & CELEBRATIONS, INC.,
    d/b/a BETWEEN THE BREAD;
RICKY EISEN and SEAN MARTIN,

                Defendants.

---------------------------------------------------------------x

## OPT-OUT STATEMENT

### Complete and mail this Opt-Out Statement by March 21, 2021 to:

Settlement Administrator
Advanced Litigation Strategies, LLC
148 West 24th Street, Eighth Floor
New York, NY 10011
btb@advancedlitigation.org

I opt out of the Between the Bread wage and hour settlement.

### IF YOU SEND IN THIS FORM YOU WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT.

Name: WILDO R UILCA  YO NO PARTISIPO ENESTE CASO YO TENGO MI ABOGADO

Address: ▇▇▇▇▇▇▇

City: ▇▇▇▇▇       State: ▇▇▇       Zip: ▇▇▇▇

Telephone Number: ▇▇▇▇▇▇▇

Date: 2/16/2021

                              Signature

7